IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH BECKER,

        Plaintiff,

vs.

DAHL, et al.,

        Defendants.

No. CIV S-10-0519 EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

        Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed on March 3, 2010. Dckt. No. 1. Also on March 3, 2010, plaintiff filed a motion for a preliminary injunction. Dckt. No. 2. On March 8, 2010, the court found service appropriate for defendants and directed them to respond to plaintiff's motion.[1] Dckt. Nos. 6, 7.

        Plaintiff's motion for a preliminary injunction repeats the facts and allegations of the complaint. Specifically, plaintiff seeks to prevent defendants from modifying his current level of mental health care.

////

---

[1] In accordance with the court's March 8, 2010, order, plaintiff has filed a motion to proceed in forma pauperis. Dckt. No. 11.

1

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must demonstrate that--absent an injunction--irreparable injury is not only possible, but likely.[2] *Stormans, Inc. v. Selecky*, Nos. 07-36039, 07-36040, 2009 WL 1941550 at *13 (9th Cir. July 8, 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc.*, at 13, quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. at ___, 129 S.Ct. at 375-76. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Defendants' response to the motion for a preliminary injunction includes a declaration from R. Dahl, the Senior Psychologist at Mule Creek State Prison, where plaintiff is currently housed. Dckt. No. 15, Dahl. Decl. ¶ 1. Dahl indicates that the Interdisciplinary Treatment Team ("Team") held a meeting on March 16, 2010, for an evaluation of plaintiff's mental health status.

---

[2] Under the previous standard a preliminary injunction could be granted "if the plaintiff 'demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (internal quotation marks and citations omitted) (reversing the denial of a preliminary injunction where the district court had found that the mere *possibility* of such harm was speculative).

1  *Id.*, ¶ 2.  The Team's decision was to retain plaintiff at the Enhanced Outpatient Program level of
2  care within the Mental Health Program.  *Id.*  Dahl further indicates that plaintiff's clinician is Dr.
3  Lisle, who is an Enhanced Outpatient staff psychologist who will continue to provide Enhanced
4  Outpatient level of care to plaintiff.  *Id.*, ¶ 3.  In light of Dahl's declaration, defendants argue that
5  plaintiff's motion should be denied as moot, as plaintiff has been retained at the level of care that
6  he was receiving when he filed his motion, namely, the Enhanced Outpatient Program.  *Id.* at 1-
7  2.

8  Plaintiff argues his motion is not moot, as defendants have not provided any guarantee as
9  to how long plaintiff will remain in the Enhanced Outpatient Program.  Dckt. No. 16 at 1.
10 Plaintiff claims Dr. Lisle is the one who decides whether to lower plaintiff's level of care and
11 was fully intending on doing so until plaintiff initiated this action.  *Id.*, Pl's Decl. ¶ 13.  Plaintiff
12 claims that Lisle has still not reviewed plaintiff's medical history, which documents plaintiff's
13 multiple suicide attempts and reiterates his belief that he should remain in the Enhanced
14 Outpatient Program because it greatly reduces his suicidal tendencies.  *Id.*, ¶¶ 15, 17.  Further,
15 plaintiff states that Lisle has informed him that the Team will meet again in June, and intends to
16 reduce plaintiff's level of care at that time, noting that it costs too much to keep plaintiff in the
17 Enhanced Outpatient Program.  *Id.*, ¶¶ 14, 16.  Plaintiff also notes that the Team meets quarterly
18 to evaluate his mental health needs.  *Id.*, ¶ 14

19 Given plaintiff's representation that the Team meets quarterly to evaluate his mental
20 health status, plaintiff's claim does not appear to be moot, as it falls under the "capable of
21 repetition, yet evading review" exception to the mootness doctrine.  *Spencer v. Kemna*, 523 U.S.
22 1, 17 (1998) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, . . .
23 where the following two circumstances [are] simultaneously present: (1) the challenged action
24 [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is]
25 a reasonable expectation that the same complaining party [will] be subject to the same action
26 again.") (internal quotation marks omitted).  However, since it appears that plaintiff will remain

1 in the Enhanced Outpatient Program, at least for the next two months, plaintiff has not shown
2 that he will suffer irreparable harm in the absence of the requested preliminary relief. On this
3 basis, plaintiff's motion should be denied.

4     Accordingly, it is hereby ORDERED that:

5     1. The Clerk of the Court randomly assign a United States District Judge to this case.

6     2. Plaintiff's March 11, 2010 motion to proceed in forma pauperis is granted.

7     Further, it is HEREBY RECOMMENDED that plaintiff's March 3, 2010 motion for a
8 preliminary injunction be denied.

9     These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after
11 being served with these findings and recommendations, any party may file written objections
12 with the court and serve a copy on all parties. Such a document should be captioned "Objections
13 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
14 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
15 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16 Dated: April 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4