IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH BECKER,

          Plaintiff,                No. CIV S-10-0519 FCD EFB P

     vs.

DAHL, et. al.,

          Defendants.         <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently pending before the court are defendants Dahl, Lisle, Martel and Moazam's ("defendants") motion to compel (Dckt. No. 32), plaintiff's motions for a protective order (Dckt. No. 37), and to modify the scheduling order and for leave to amend (Dckt. No. 33).  For the reasons provided below, defendants' motion is granted in part, and plaintiff's motions are denied.

**I.    Background**

      This action proceeds on the March 3, 2010 complaint in which plaintiff alleges that defendants were deliberately indifferent to his serious medical needs by removing him from the Enhanced Outpatient Program ("EOP"), despite the fact that plaintiff is suicidal and at risk if removed from that program.  Dckt. No. 1, Comp., § IV.  The court ordered service of the

complaint on defendants on April 12, 2010. Dckt. No. 19. Defendants filed an answer on July

13, 2010. Dckt. No. 23. On August 2, 2010, the court issued a discovery and scheduling order,

setting the following deadlines: (1) for requesting written discovery at September 10, 2010; (2)

for completing discovery and filing discovery motions at November 12, 2010; (3) for filing a

motion to amend the complaint at November 12, 2010; and (4) for filing dispositive motions at

February 4, 2011. Dckt. No. 27.

**II.    Defendants' Motion to Compel**

Defendants move for an order compelling plaintiff to provide further responses to certain

discovery requests and for $1,330.00 as the reasonable costs and attorneys fees incurred in

connection with their motion. Defendants contend that plaintiff provided deficient responses to:

(1) their first set of requests for production of documents ("RFPs"); and (2) their first set of

requests for admissions ("RFAs"). The court will address each alleged deficient response in

turn.

**A.    Requests for Production**

If a party, in response to a request for production served under Rule 34 of the Federal

Rules of Civil Procedure, fails to produce or permit inspection, the discovering party may move

for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B)(iv). Defendants argue that

plaintiff's responses are incomplete and evasive and are tantamount to no response at all, as

plaintiff produced no documents in response to defendants' requests for production of

documents. Defendants take issue with the following RFP responses provided by plaintiff:

> RFP No. 1: If you contend that DR. DAHL[, LISLE, MARTEL OR MOAZAM] had you
> removed from the EOP mental health program, please produce any and all documents
> which support your contention.

> Response to RFP No. 1: Objection. Plaintiff objects to this request for production
> of documents on the ground that it seeks duplicative information sought for by
> Defendant Dr. Dahl[, Lisle, Martel and Moazam] in the interrogatories to
> plaintiff, set one, No. 1. Without waiving said objection, plaintiff responds as
> follows: Defendants have an obligation to duly provide official documentation to
> plaintiff, yet never have done so. Plaintiff irregardless never averred in the
> complaint of being "removed," and this request is otherwise unintelligible and

2

1    vague as to time.

2    RFP No. 2: If you contend that you have been removed from the EOP mental health
     program since transferring to the Mule Creek State Prison, please produce any and all
3    documents which support your contention.

4         Response to RFP No. 2:  Objection. Plaintiff objects to this request for production
          of documents on the ground that it seeks duplicative information sought for by
5         Defendant Dr. Dahl[, Lisle, Martel and Moazam] in the interrogatories to
          plaintiff, set one, No. 2. Plaintiff objects also on the ground that it is vague and
6         unintelligible, and sets forth a misconstrued allegation.

7    Defs.' Mot. to Compel, Decl. of Kathleen J. Williams in Supp. Thereof ("Williams Decl."), Exs.

8    A-H.

9         For the reasons that follow, plaintiff's objections to RFPs 1 and 2 are overruled.

10        Plaintiff's objection on the ground that these requests are duplicative lacks merit.  As

11   defendants note, a request for production of documents seeks documents, while an interrogatory

12   is a question seeking a written response.  While the nature of the information sought may in

13   some respect be "duplicative," the responses sought take different forms, and defendants are

14   entitled to use both vehicles for conducting discovery.

15        Plaintiff's objection that these requests are unintelligible and vague as to time, also lacks

16   merit, as the court finds the requests to be rather clear and straightforward.  Plaintiff apparently

17   takes issue with the word "removed" as used in the request, on the ground that plaintiff never

18   alleged he had been "removed" from the EOP program.  Plaintiff's quibble over the phrasing of

19   the requests, however, does not excuse him from responding.  The requests condition responses

20   upon whether plaintiff contends that he has been "removed from the EOP mental health

21   program."  If plaintiff so contends, he must produce documents that support this contention.

22   Likewise, if plaintiff does not contend that he was removed from EOP, then he likely has no

23   responsive documents to these requests, but must say so in his responses.

24        Plaintiff also fails to explain his statement that defendants "have an obligation to duly

25   provide official documentation to plaintiff, yet never have done so."  Even assuming defendants

26   have not met some unspecified obligation to provide "documentation" to plaintiff, this would not

1   excuse plaintiff from properly responding to defendants' discovery requests.  Accordingly,

2   defendants' motion is granted as to RFPs 1 and 2.

3          RFP No. 3: If you contend that you exhausted your administrative remedies as to a claim
           against DR. DAHL[, LISLE, MARTEL OR MOAZAM] based on the allegations set
4          forth in your complaint, please produce any and all documents which support your
           contention.

5
                  Response to RFP No. 3: Objection. Plaintiff objects to this request for production
6          of documents on the ground that Defendant Dr. Dahl[, Lisle, Martel and Moazam
           are] attempting to shift the onus of defendant's responsibility upon plaintiff, and
7          extends to issues of pure law ultimately for the court to determine. Without
           waiving said objection, plaintiff responds as follows: One (1) of four (4)
8          exhaustion[] of administrative remedies can be located in plaintiff's current
           central file which contains microfiche of such exhaustion under plaintiff's former
9          prison number H-16467.

10  Williams Decl., Exs. A-H.

11         Plaintiff objects to this request on the ground that it is defendants' burden to raise and

12  prove the absence of exhaustion.  While this is an accurate statement of the law, its effect is not

13  to bar discovery on the matter.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

14  Defendants are not forcing plaintiff to plead and/or prove that he exhausted his administrative

15  remedies by seeking discovery from plaintiff regarding exhaustion.  Because the burden of

16  raising and proving the absence of exhaustion lies with defendants, defendants are entitled to

17  move for dismissal on this basis.  *See id.*.  Accordingly, defendants may seek discovery from

18  plaintiff in an effort to determine whether such a motion would be meritorious.  *See* Fed. R. Civ.

19  P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to

20  any party's claim or defense . . . .").   Therefore, an order compelling plaintiff to respond to RFP

21  3, is appropriate.[1]

22  ////

23  _____

24         [1] Likewise, a protective order pursuant to Rule 26(c), based on plaintiff's mistaken belief
    that defendants "are abusing the process of the Federal Rules of Civil Procedure"by seeking
25  discovery regarding exhaustion, is not appropriate.  Plaintiff's motion for a protective order
    (Dckt. No. 37), will therefore be denied.  *See* Fed. R. Civ. P. 26(c) ("The court may, for good
26  cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or
    undue burden or expense . . . .").

**B.     Requests for Admissions**

Unless the court finds that a responding party's objection to a request for admission is justified, it must order that an answer be served.  Fed. R. Civ. P. 36(a)(6).  Defendants contend that following RFA responses provided by plaintiff are not justified:

RFA No. 1: DR. DAHL[, LISLE, MARTEL and MOAZAM] never had you removed from the EOP mental health program.

> Response to RFA No. 1: Objection. Plaintiff objects to this request for admission on the ground that it seeks duplicative information sought for by Defendant Dr. Dahl[, Lisle, Martel, and Moazam] in the interrogatories to plaintiff, set one, No. 1.

RFA No. 2: You have not been removed from the EOP mental health program since transferring to the Mule Creek State Prison.

> Response to RFA No. 2: Objection. Plaintiff objects to this request for admission on the ground that it seeks duplicative information sought for by Defendant Dr. Dahl[, Lisle, Martel, and Moazam] in the interrogatories to plaintiff, set one, No. 2.

RFA No. 3: You did not exhaust your administrative remedies as to a claim against DR. DAHL[, LISLE, MARTEL and MOAZAM] based on the allegations set forth in your complaint.

> Response to RFA No. 3: Objection. Plaintiff objects to this request for admission on the ground that it seeks duplicative information sought for by Defendant Dr. Dahl[, Lisle, Martel, and Moazam] in the interrogatories to plaintiff, set one, No. 3.

Williams Decl., Exs. Q-X.

As explained above, plaintiff's "duplicative" objection lacks merit and does not justify plaintiff's failure to respond.  Therefore, plaintiff must serve defendants with his answers to the RFAs.  *See* Fed. R. Civ. P. 36(a)(6).  Accordingly, the court will grant defendants' motion to compel answers to RFAs 1-3.  Plaintiff is hereby informed that Rule 36(a)(4) provides the proper procedure for responding to RFAs:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of

knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**C.      Request for Attorneys' Fees**

Defendants request reimbursement of expenses, including attorney's fees, incurred in filing the motion to compel.  *See* Fed. R. Civ. P. 37(a)(5).  In support of their motion, defendants contend that they made a good faith effort to obtain the discovery without court order, and that plaintiff has offered no justification for his failure to provide full and complete responses to their discovery requests.  In their reply, defendants contend further that plaintiff has admitted, through his filings in this action, that he has not exhausted his administrative remedies and that he is still in the EOP and was never removed.[2]  Dckt. No. 35 at 7-9.  According to defendants, these purported admissions "demonstrate[] substantial justification that defendants should be awarded attorneys' fees and shows that plaintiff had no justification for not complying with the discovery requests."  *Id.* at 8, 9.

Rule 37(a)(5) provides, that if "the motion [to compel] is granted . . ., the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(iii).  In this instance, the court declines to award expenses.  Initially, it must be noted that plaintiff, who is uneducated in the law proceeds pro se and in forma pauperis. Additionally, although defendants argue that plaintiff could have responded to their discovery requests, plaintiff did not ignore or completely fail to respond to the requests or intentionally provide evasive or misleading answers.  Rather, it appears that he attempted to comply with the discovery rules by promptly objecting to defendants' discovery requests.  Under these

---

[2] Although defendants request that the court take judicial notice of these documents, the court finds that judicial notice is unnecessary given that such documents are already a part of the record in this action.  *See* Dckt. No. 35 at 7; *see also* Dckt. Nos. 33, 34.

6

1  circumstances, the court finds that an award of expenses, $1,330.00, would be unjust.  However,

2  plaintiff is admonished that his objections have been overruled and that he must serve responses

3  to defendants' RFPs 1-3 and RFAs 1-3.  Should plaintiff fail to fully respond to the RFPs and

4  RFAs as directed herein, however, defendants may file a motion to enforce this order and/or seek

5  sanctions.

6  **III.    Plaintiff's Motion to Modify the Scheduling Order and for Leave to Amend**

7          The discovery and scheduling order established November 12, 2010 as the deadline for

8  filing a motion to amend the complaint.  Dckt. No. 27.  In a motion dated November 12, 2010,

9  plaintiff timely requested leave to file an amended complaint.  Dckt. No. 33.

10          Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

11  within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading

12  is required, 21 days after service of a responsive pleading or 21 days after service of a motion

13  under Rule 12(b), (e), or (f), whichever is earlier."  Because defendants filed a responsive

14  pleading on July 13, 2010, plaintiff's opportunity to amend "as a matter of course" expired 21

15  days thereafter.

16          Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its

17  pleading only with the opposing party's written consent or the court's leave.  The court should

18  freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely

19  granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v.*

20  *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend

21  under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith;

22  (3) futility of amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S.

23  178, 182 (1962).  Granting or denying leave to amend rests in the sound discretion of the trial

24  court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d

25  339, 343 (9th Cir. 1996).

26  ////

Plaintiff seeks leave to amend for the following reasons: 1) defendants will be replaced with new mental health care staff, who will consider removing plaintiff from EOP; and 2) plaintiff expects a final decision that will exhaust his administrative remedies within 60 days, and if that decision is adverse, plaintiff intends to name J. Clark Kelso, the Receiver, as a defendant.  Dckt. No. 33.  Defendants argue that plaintiff's proposed amendments would be futile because: 1) plaintiff lacks standing to sue these unknown defendants, because plaintiff alleges only a speculative, future injury that is not concrete and particularized; 2) that because no injury has yet to occur, plaintiff could not have exhausted his administrative remedies as to future claims against the new unnamed defendants; and 3) that plaintiff's future claim against J. Clark Kelso, the Receiver, would fail because plaintiff has not alleged Kelso was personally involved in violating plaintiff's federal rights.  Dckt. No. 36 at 3-6.

Having reviewed plaintiff's proposed amendments, the court finds that plaintiff's motion must be denied, without prejudice, as futile.  At this time, plaintiff has no new claims or identifiable defendants to add to the complaint, as his proposed amendments are based on events that may or may not happen in the future.  Until plaintiff has new defendants and/or claims to add to the complaint, amendment is futile.

Plaintiff is hereby informed that any motion to amend filed in the future must be accompanied by a proposed amended complaint, that is complete in itself, without reference to the original complaint.  Plaintiff is further informed that the court's consideration of any future motion to amend will necessarily require modification of the discovery and scheduling order.  Requests to modify a deadline established by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure.  A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he could not meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

////

**IV.    Order**

Accordingly, it hereby is ORDERED that:

1.  Defendants' motion to compel, Docket No. 32, is denied to the extent it seeks costs, but granted to the extent that, within 30 days of the date of this order, plaintiff shall provide to defendants further responses to defendants' first set of requests for production of documents, and first set of requests for admissions;

2.  Plaintiff's motion for a protective order, Docket No. 37, is denied; and

3.  Plaintiff's motion to modify the scheduling order and for leave to amend, Docket No. 33, is denied.

Dated:  January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE