IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH BECKER,

          Plaintiff,               No. CIV S-10-0519 KJM EFB P

    vs.

DAHL, et al.,

          Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Defendants Dahl, Lisle, Martel, and Moazam ("defendants") move for summary judgment and to dismiss on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.  Dckt. No. 40.  For the reasons stated below, the court finds that plaintiff failed to exhaust his administrative remedies prior to filing suit and therefore recommends that the motion be granted.

**I.**    **Background**

      Plaintiff proceeds on his March 3, 2010 complaint which claims that defendants were deliberately indifferent to his medical/psychological needs in violation of the Eighth Amendment.  Plaintiff alleged in his complaint that he is a prisoner at Mule Creek State Prison, where he is a participant in the Enhanced Outpatient Program.  He alleged that defendants placed

1

1  him in the Enhanced Outpatient Program because of his suicidal ideation and attempts to commit

2  suicide in the preceding three years.  Plaintiff alleged defendants were deliberately indifferent

3  because they were removing him from the Enhanced Outpatient Program, thereby exposing him

4  to a risk of harm to his future health.

5       With his complaint, plaintiff filed a motion for a preliminary injunction seeking to

6  prevent defendants from removing him from the Enhanced Outpatient Program.  Dckt. No. 2.

7  On July 21, 2010, the district judge adopted the undersigned's recommendation to deny that

8  motion.  Dckt. No. 26.

9       On December 10, 2010, defendants moved for summary judgment on the grounds that:

10  (1) there is no evidence defendants were deliberately indifferent to plaintiff's medical or

11  psychological needs because plaintiff was never removed from the Enhanced Outpatient

12  Program and is still a participant in that program; (2) plaintiff cannot maintain an Eighth

13  Amendment claim against Martel and Moazam based upon a theory of respondeat superior; and

14  (3) defendants are entitled to qualified immunity.  Defendants also moved the court to dismiss

15  this case on the ground that plaintiff failed to exhaust his administrative remedies prior to filing

16  suit.  Plaintiff opposed the motions and defendants filed a reply.  Dckt. Nos. 46-48, 50.

17       The court considers the exhaustion issue first, as exhaustion is a prerequisite to suit.  *See*

18  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until

19  such administrative remedies as are available are exhausted."); *see also McKinney v. Carey*, 311

20  F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal where prisoner fails to exhaust

21  administrative remedies before filing suit and tries to do so while case is pending).

22  **II.   Exhaustion Under The PLRA**

23       The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

24  with respect to prison conditions [under section 1983 of this title] until such administrative

25  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to

26  the exhaustion requirement have been defined broadly as "the effects of actions by government

officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief. . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Although a motion to dismiss for failure to exhaust administrative remedies prior to filing suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling on such a motion requires the court to look beyond the pleadings in the context of disputed

issues of fact the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Because care must be taken not to resolve credibility on paper as it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint. *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Defendants bear the burden of proving plaintiff's failure to exhaust. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

On April 12, 2010, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**III.   Discussion**

Defendants contend that plaintiff could not have exhausted his administrative remedies prior to filing suit because he only initiated the administrative grievance process six days before commencing this action. Defs.' Mot., Mem. of P. & A in Supp. Thereof at 11. To support this argument, defendants point to plaintiff's admission in his verified complaint that he had not yet ////

4

completed the administrative appeals process.  *Id.*; *see also* Compl. at 2[1] (alleging administrative exhaustion process was not completed because "[t]he appeal is undergoing severe time delays on part of the prison's appeals office beyond my control.").

Defendants also submit the declaration of Karen McLean, Health Care Appeals Coordinator for the California Department of Corrections and Rehabilitation at Mule Creek State Prison.  Defs.' Mot., Decl. of K. McLean in Supp. Thereof ¶ 1.  McLean testifies that plaintiff submitted an inmate appeal regarding the events alleged in this action on February 25, 2010 and that it was assigned tracking number MCSP-16-10-10634.  *Id.* ¶ 3-4 ("This appeal was a medical appeal and Becker requested that he did not want to be discontinued from the Enhanced Outpatient Program (EOP)."); *Id.*, Ex. A (appeal number MCSP-16-10-10634) (explaining risk of suicide if removed from Enhanced Outpatient Program).  McLean's declaration reveals that it was not until after March 3, 2010, the date plaintiff initiated this action, that plaintiff received even a first level response to this appeal.  *Id.* ¶¶ 3-5, Ex. A.

Thus, it is apparent from defendants' evidence that even if plaintiff pursued appeal number MCSP-16-10-10634 through the Director's Level of Review, he did not do so prior to commencing this action, as the PLRA requires.  *See McKinney*, 311 F.3d at 1200 ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to *suit*."); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006).  Accordingly, the court finds that defendants have satisfied their initial burden of proving plaintiff's failure to exhaust his administrative remedies prior to filing suit.

In his opposition, plaintiff does not dispute defendants' contention that he failed to pursue appeal number MCSP-16-10-10634 through the final level of review before initiating this action.  *See* Dckt. No. 46.  Rather, plaintiff contends that a December 27, 2007 response from the Director's Level of Review, relating to appeal number RJD-07-00954, satisfies the exhaustion

---

[1]  These and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1   requirement.  *Id.* at 5, 10, 15-16.  Plaintiff filed appeal number RJD-07-00954 while he was

2   housed at Richard J. Donovan Correctional Facility.  *Id.* at 15-16.  In the appeal, plaintiff

3   complained that on November 16, 2006, a psychiatrist forced injections on him, that a doctor

4   knew plaintiff attempted suicide but did not admit plaintiff into the Correctional Treatment

5   Center, and that when plaintiff returned to his housing unit he was in a condition that left him

6   unable to fend off an attack by his cellmate and/or inmates.  *Id.*  As with this action, appeal

7   number RJD-07-00954 concerns plaintiff's psychological state and housing needs.  However, its

8   focus is on events that occurred at Richard J. Donovan Correctional Facility several years before

9   the events giving rise to this action.  It would not have put Mule Creek State Prison Officials on

10  notice of the harm being grieved in this action – plaintiff's removal from Mule Creek's

11  Enhanced Outpatient Program despite plaintiff's suicidal ideation  –  and therefore, does not

12  satisfy the exhaustion requirement for this lawsuit.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120

13  (9th Cir. 2009).

14       Plaintiff also references appeal number MCSP-16-09-13151 as evidence that his

15  administrative remedies are exhausted.  Dckt. No. 46 at 10.  However, this appeal would not

16  have put prison officials on notice of the issues raised by this lawsuit, nor is there evidence that

17  plaintiff even pursed this appeal through the final level of review.  *See id*. at 4 (arguing he was

18  prevented from pursuing the appeal through the final level of review).  According to plaintiff's

19  exhibits, plaintiff filed this appeal on October 30, 2009, while housed at Mule Creek State

20  Prison.  *Id.* at 18.  Plaintiff complained that he did not have an assigned doctor for over one

21  month*,* requested a new health care clinician, and asked that he "not be subjected to any

22  alteration of [his] current 'EOP' level of care."  *Id.*  Although this appeal suggests plaintiff's

23  preference to be housed in the Enhanced Outpatient Program, it does not suggest that plaintiff

24  was removed from that program, that anyone threatened to remove plaintiff from that program,

25  or that plaintiff needed to be housed in that program because of his claimed psychological needs,

26  namely, suicidal ideation.  It therefore would not have put prison officials on notice of the harm

grieved in this action.

Moreover, plaintiff's exhibits show he had only received a first level response to appeal number MCSP-16-09-13151 prior to filing this action, and that the appeal was screened out at the second level of review as untimely on August 17, 2010, over five months after plaintiff initiated this action. *See id.* at 19, 23, 25 (August 17, 2010 Mule Creek Screening Form) ( "Mr. Becker, your previous Appeal No. MCSP-16-09-13151 was partially granted at the first level of review and the original . . . was returned to you on January 4, 2010.  You had 15 business days from January 4, 2010 to submit that appeal for second level of review), 27 (August 23, 2010 Mule Creek Screening Form) ("You state that you submitted a copy of the medical appeal log number MCSP-16-09-13151 with section F completed for a second level of review.  Your medical appeal history has been reviewed.  The Health Care Appeals Office does not have record of the appeal being submitted for a second level of review.").  Plaintiff claims that he experienced delays in receiving responses to this appeal and that he made every effort to exhaust the appeal before filing the complaint in this action. *Id.* at 4, 11.  While plaintiff produces a February 8, 2010 letter complaining of an irregularity in the first level response to the appeal, he does not show that he timely submitted the appeal at the second level of review, or otherwise show how the alleged delays with the appeal excuse him from the exhaustion requirement in this lawsuit. *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009) ("If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies.")

Finally, plaintiff claims that his membership in and satisfaction of the exhaustion requirement in the *Coleman* class action excuse him from exhausting his claims in this action. Dckt. No. 46 at 6, 13; *see also Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995). However, whether plaintiff satisfied the exhaustion requirement in another action is irrelevant to whether plaintiff satisfied the exhaustion requirement in this action.

////

1    Based on the above, the court concludes that plaintiff has not satisfied the exhaustion

2    requirement for purposes of this action.  Further, and as defendants point out in their reply brief,

3    *see* Dckt. No. 50 at 4, plaintiff previously admitted that he had not pursued the relevant

4    administrative appeal through the final level of review before commencing this action.  Dckt.

5    No. 33 (Plaintiff's November 16, 2010 Declaration in Support of Motion for Continuance) ¶ 5

6    ("I am still awaiting the decision from the health care receivership pertaining to the final level of

7    my administrative remedies in this matter.  Even though I had once before in 2007 exhausted a

8    very similar problem, that was before the CDCR mental health care was overseen by the now J.

9    Clark Kelso, Prison health Care Receivership."); *see also Wyatt*, 315 F.3d at 1120 (stating that a

10   prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

11   **IV.    Conclusion**

12   The court finds that plaintiff failed to exhaust available administrative remedies prior to

13   filing suit and that defendants are entitled to dismissal of this action on that ground.  *See id.*

14   (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is

15   dismissal without prejudice).

16   In accordance with the above,  IT IS HEREBY RECOMMENDED that:

17   1.  Defendants' December 10, 2010 motion for summary judgment and motion to dismiss

18   be granted without prejudice on the ground that plaintiff failed to exhaust administrative

19   remedies; and

20   2.  The Clerk be directed to close this case.

21   These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23   after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

26   ////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   August 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9